UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JADA MURRAY,

     Plaintiff,

v.                                   Case No: 8:20-cv-1760-TPB-JSS

CBRE, INC.,

     Defendant.

_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Allow Expert Report (Dkt. 29) ("Motion") and Defendant's Response in Opposition (Dkt. 32).  On October 13, 2021, the Court held a hearing on the Motion.  Upon consideration, the Motion is granted.

## BACKGROUND

In this diversity action,[1] Plaintiff Jada Murray ("Plaintiff") brings claims against CBRE, Inc. ("Defendant") for negligence.  (Dkt. 1-1.)  Plaintiff alleges that Plaintiff's former employer, Regions Bank, hired Defendant to maintain the premises and provide repair and maintenance services.  According to Plaintiff, Defendant failed to properly maintain a door lock mechanism at the Regions Bank location where she worked.  On October 23, 2018, when Plaintiff tried to open the door, her fingers got

---

[1] This action was originally commenced in the Circuit Court of the Sixth Judicial Circuit for Pinellas County and removed by Defendant on July 30, 2020.  (Dkt. 1.)

caught in the lock mechanism, causing a large laceration and "de-gloving" of the skin and muscle off her finger bone.

In this Motion, Plaintiff asks the Court to extend the deadline for disclosure of her expert report. (Dkt. 29.) Plaintiff disclosed her expert report on September 9, 2021, after the July 28, 2021 disclosure deadline set by the Court. (Dkts. 19, 31.) Defendant opposes the Motion and argues that Plaintiff has not established good cause to permit the late disclosure. (Dkt. 32.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 26(a)(2) provides that a party must disclose the identity of expert witnesses. A party shall disclose its expert in accordance with the Court's directives. Fed. R. Civ. P. 26(a)(2)(D). However, the Court may modify a scheduling order upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Generally, courts enjoy broad discretion in deciding how to regulate discovery and manage the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, a court may extend the time concerning when an act must be done on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

## ANALYSIS

The parties dispute which Federal Rule of Civil Procedure governs this Motion. Plaintiff argues that her expert report should not be excluded under Federal Rule of Civil Procedure 37. On the other hand, Defendant contends that the Motion is better

construed under Federal Rule of Civil Procedure 16, which provides that a pretrial scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Under either rule, the Motion is due to be granted.

The Court initially ordered Plaintiff to produce her expert report on or before July 28, 2021 in the Case Management and Scheduling Order.  (Dkt. 19.)  Plaintiff filed the instant Motion on September 2, 2021 and served her expert report on September 9, 2021.  (Dkts. 29, 31.)  Defendant argues that the Motion should be denied because Plaintiff failed to establish good cause to amend the Court's scheduling order under Rule 16.  (Dkt. 32.)

Pursuant to Federal Rules of Civil Procedure 6(b)(1)(B) and 16(b)(4), the Court may extend the time for Plaintiff's expert disclosure upon a finding of excusable neglect in failing to move before the deadline expired and good cause to grant the extension.  When considering whether a party failed to act due to excusable neglect under Rule 6(b)(1)(B), the Court examines four factors: (1) potential prejudice to the non-moving party; (2) length of delay and potential impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith. *Blake v. Enhanced Recovery Co., LLC*, No. 3:10-cv-1178-J-37JBT, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011).

Here, it does not appear Defendant will suffer any prejudice due to the late disclosure.  This is particularly true if Defendant is granted additional time to disclose an expert in response, if warranted.  Indeed, Plaintiff notified Defendant of her intent to disclose a late expert and filed the Motion as soon as practicable.  There is ample

- 3 -

time before the trial date for the parties to complete expert disclosures, finish discovery, and make any dispositive motions.  Additionally, the delay was minimal and will not significantly impact the Court's schedule in this action.  The reasons for the delay, Plaintiff's failure to properly calendar the expert deadline and belated determination that an expert is needed, do not appear to be part of a pattern of carelessness or dilatory delay.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.") (construing Federal Rule of Bankruptcy Procedure 9006(b)(1), which contains similar language to Federal Rule of Civil Procedure 6(b)).  Finally, there is no evidence of bad faith by Plaintiff.  Thus, Plaintiff's failure to timely move the Court for relief was due to excusable neglect.  Moreover, in light of the importance of the expert evidence to Plaintiff's case, the lack of prejudice to Defendant, and the absence of any bad faith, the Court finds good cause to extend Plaintiff's expert disclosure deadline.

The Court reaches the same conclusion under Federal Rule of Civil Procedure 37.  Generally, a Rule 37 analysis applies where a non-moving party provides a late expert disclosure, and the moving party asks the Court to exclude the expert and his or her report as untimely.  Rule 37(c)(1) provides that if a party fails to comply with the disclosure requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence" at trial, "unless the failure was substantially justified or is harmless."

The Court has broad discretion whether to exclude evidence under Rule 37. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (affirming district court's decision to strike expert testimony after late disclosure, even though plaintiffs conceded that exclusion of the testimony would be "fatal to their cause of action"); *Lambert v. Monaco Coach Corp.*, No. 8:04-cv-608-T-30TBM, 2005 WL 5961075, at *1 (M.D. Fla. Feb. 10, 2005). The non-disclosing party bears the burden of establishing that its failure to disclose was substantially justified or harmless. *Mitchell*, 318 F. App'x at 824. Substantial justification is "'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682–83 (M.D. Fla. 2010) (quoting *Ellison v. Windt,* No. 6:99-cv-1268-ORL-KRS, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001)); *see also Bodden v. Cole*, No. 3:11-cv-127-J-20MCR, 2012 WL 33051, at *1 (M.D. Fla. Jan. 6, 2012). In determining whether to exclude evidence pursuant to Rule 37, courts consider four factors: "(1) the explanation for the failure to make a timely disclosure, (2) the importance of the witness's testimony, (3) prejudice to the opposing party, and (4) whether a continuance would be useful." *Lambert*, 2005 WL 5961075, at *1.

As explained above, Plaintiff's delayed disclosure was due to counsel's inadvertence and a belated determination that an expert would be necessary. Further, the evidence at issue—Plaintiff's expert—is important to Plaintiff's case and there is minimal, if any, prejudice to Defendant in allowing the late report. Finally, a short

continuance may be useful to mitigate any *de minimis* prejudice to Defendant that may arise under the current deadlines.

Accordingly, upon consideration, it is **ORDERED**:

1. Plaintiff's Motion to Allow Expert Report (Dkt. 29) is **GRANTED**.

2. Plaintiff's expert disclosure, served on September 9, 2021, is hereby deemed timely.

3. Defendant's expert disclosure deadline is moved to November 18, 2021.

4. The discovery deadline is moved to December 3, 2021.

5. The dispositive motion deadline is moved to December 30, 2021.

6. All other deadlines in the Court's Case Management and Scheduling Order (Dkt. 19) remain unchanged.

**DONE** and **ORDERED** in Tampa, Florida, on October 19, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record